[Cite as *State v. Shreve*, 2013-Ohio-1167.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12-COA-037 |
| KIM SHREVE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court of
                              Common Pleas, Case No. 12-CRI-074


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       March 25, 2013


APPEARANCES:

For Appellant:                       For Appellee:
TIMOTHY E. POTTS                     MARISSA M. PAPPAS
10 E. Main Street                    Assistant Prosecuting Attorney
Ashland, OH 44805                    110 Cottage Street, Third Floor
                                     Ashland, OH 44805


*Baldwin, J.*

{¶1} Appellant Kim Shreve appeals a judgment of the Ashland County Common Pleas Court convicting him of domestic violence as a felony of the fourth degree (R.C. 2929.25(A)) and sentencing him to eighteen months incarceration. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} When Bernice Shreve, appellant's wife, returned home from work on June 11, 2012, she found appellant at home intoxicated. In an unprovoked attack, appellant slapped her on both sides of her face and head-butted her. She was unable to call for help because appellant kept her cell phone in his pocket.

{¶3} Bernice reported the incident to the Ashland Police Department on June 12, 2012. Police photographed bruising and swelling on Bernice's face. She told police it was not uncommon for appellant to strike her.

{¶4} On June 22, 2012, appellant was charged with one count of domestic violence as a fourth degree felony by bill of information. He had two prior domestic violence convictions.

{¶5} Appellant entered a plea of guilty to the bill of information. He was convicted and sentenced to eighteen months incarceration. He assigns two errors on appeal:

{¶6} "I. THE COURT OF COMMON PLEAS OF AHSLAND COUNTY, OHIO, IMPOSED A MAXIMUM SENTENCE UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2929.14(A)(3); SAID MAXIMUM SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF SAID COURT'S DISCRETION."

{¶7} "II. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.13(A)."

I.

{¶8} Appellant argues that the court erred in sentencing him to the maximum sentence. He argues that the sentence is contrary to law because none of the factors set forth in R.C. 2929.12(B), which defines a "more serious" form of the offense, apply in this case, and he is not likely to reoffend. He also argues that the court abused its discretion in sentencing him to the maximum sentence because he has shown genuine remorse for his offenses and accepted responsibility for his actions, and the trial court "seemingly ignored this information."

{¶9} The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

{¶10} R.C. 2929.12(B) provides:

{¶11} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as

indicating that the offender's conduct is more serious than conduct normally constituting the offense:

{¶12} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

{¶13} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

{¶14} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

{¶15} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

{¶16} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

{¶17} "(6) The offender's relationship with the victim facilitated the offense.

{¶18} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

{¶19} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."

{¶20} In the instant case, appellant's relationship with the victim, who was his wife, facilitated the offense. Further, the trial court stated that he had considered the provisions of R.C. Chapter 2929, the circumstances of the offense, the information contained in the presentence investigation report and the information submitted by the

parties. The court found that appellant had previously served a prison term and the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public from future crimes by appellant. The sentence is not contrary to law.

{¶21} An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Kalish*, supra, at ¶19. Appellant has not demonstrated that the court abused its discretion in sentencing him to the maximum sentence of eighteen months. Appellant had two prior domestic violence convictions, one involving the same victim as the instant case. He also had a conviction for attempted domestic violence. His criminal history began in 1987 and is extensive, including aggravated burglary, driving while intoxicated, driving under suspension, disorderly conduct, resisting arrest, drug abuse, criminal damaging, felonious assault, ethnic intimidation, aggravated menacing, receiving stolen property, petty theft, menacing, possession of marijuana, open container, criminal trespass, possession of cocaine, unauthorized use of a motor vehicle, hit-skip, fleeing and eluding and a probation violation. The court further expressed concern that despite appellant's history of violence, he had not sought counseling services through the Department of Veterans Affairs.

{¶22} The first assignment of error is overruled.

II.

{¶23} In his second assignment of error, appellant argues that a prison sentence in the instant case is an unnecessary burden on state and local resources.

{¶24} R.C. 2929.11(A) provides:

{¶25} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶26} As we noted in *State v. Ferenbaugh,* 5th Dist. No. 03COA038, 2004– Ohio–977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* 5th Dist. No.2008– COA036, 2009–Ohio–3105, this Court reviewed a similar claim. We found that, although burdens on State resources may be a relevant sentencing criteria, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors. *Shull,* at paragraph 22, citing *State v. Ober,* 2nd Dist. No. 97CA0019, 1997 WL 624811 (October 10, 1997).

{¶27} In the instant case, a prison sentence is not an unnecessary burden on state resources.  Appellant has a lengthy criminal history and prior domestic violence

convictions, including one against the same victim.  While he expressed remorse and represented to the court that he is making positive changes in his life, given his extensive past history with the criminal justice system and demonstrated past propensity to reoffend, the court did not err in sentencing him to prison.

{¶28} The second assignment of error is overruled.

{¶29} The judgment of the Ashland County Common Pleas Court is affirmed. Costs assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Wise, J. concur.


HON. CRAIG R. BALDWIN


HON. WILLIAM B. HOFFMAN


HON. JOHN W. WISE

rad/CRB

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| -vs- | : | |
| | : | Case No.  12-COA-037 |

KIM SHREVE                               :

                                                 :

    Defendant - Appellant              :

                                                 :

For the reasons stated in our accompanying Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

 

HON. CRAIG R. BALDWIN

 

HON. WILLIAM B. HOFFMAN

 

HON. JOHN W. WISE